Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
GERALD KOSTECKA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| GERALD KOSTECKA, | ) |
|         Plaintiff, | ) **Case No.:** |
|    v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| SIRIUS XM RADIO INC., | ) |
| | ) |
|         Defendant. | ) |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, GERALD KOSTECKA ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, SIRIUS XM RADIO INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

1

**JURISDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Temecula, Riverside County, State of California.

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a Delaware business corporation based in the City of New York, New York County, State of New York.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. Within four (4) years of Plaintiff filing this Complaint, in or around May 2018, Defendant began calling Plaintiff's cellular telephone at xxx-xxx-2690, which included or introduced an advertisement or constituted telemarketing.

11. Within four (4) years of Plaintiff filing this Complaint, starting in or around May 2018, Defendant has called Plaintiff's cellular telephone from at least, 855-378-6702 and 606-284-0322, which are two of the Defendant's telephone numbers.

12. In or around May 2018, Plaintiff first answered a call placed by Defendant to Plaintiff.

13. During the aforementioned call, Plaintiff told Defendant to stop calling him.

14. Despite Plaintiff's request that Defendant stop calling Plaintiff, Defendant continued to call Plaintiff's cellular telephone.

15. None of the calls Defendant made to Plaintiff were for an emergency purpose.

16. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

17. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

18. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein.

19. Even if Plaintiff provided Defendant with his cellular telephone number,

3

Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant would contact Plaintiff with an automatic telephone dialing system ("ATDS").

20. Even if at one point Defendant had prior express written consent to call Plaintiff's cellular telephone, Plaintiff revoked this consent as described above.

21. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

22. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone.

23. When Plaintiff answered Defendant's calls, he was sometimes greeted with "dead air" whereby no person was on the other end of the line.  After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff to solicit the sale of Defendant's products or services.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone

has the capacity to call telephone numbers in sequential order.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

31. The dead air that the Plaintiff may have experienced on the calls that he received is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the

person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

32. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;
    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

33. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, GERALD KOSTECKA, respectfully requests judgment be entered against Defendant, SIRIUS XM RADIO INC., for the following:

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff

is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

37. Any other relief that this Honorable Court deems appropriate.


DATED: November 12, 2018    Respectfully submitted,
                            AGRUSS LAW FIRM, LLC


                            By /s/ Michael S. Agruss
                               Michael S. Agruss
                               Attorney for Plaintiff
                               GERALD KOSTECKA